**WO**                                                                                       SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro O. Camarena, a.k.a. Peter Ojeda) Camarena, ) | No. CV 06-0318-PHX-MHM(DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| M.C.S.O. Correctional Health Services, et al., ) | |
| Defendants. ) | |

Plaintiff Pedro O. Camarena, a.k.a. Peter Ojeda Camarena, confined in the Arizona State Prison Complex-Kingman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will order Defendant MCSO Correctional Health Services to answer Count I of the Complaint, will order Glendale Police Officer #10704 to answer Count III of the Complaint, and will dismiss the remaining claims and Defendants without prejudice.

Plaintiff has also filed several Motions. On May 9 and May 30, 2006, Plaintiff filed Motions to Extend Time to Conduct Discovery and to Answer Orders. Plaintiff also filed a Motion for Appointment of Counsel on June 23, 2006. Plaintiff's Motions will be denied.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's May 30 , 2006 Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250.00. The Court will

**TERMPSREF**

assess an initial partial filing fee of $2.06. 28 U.S.C.§ 1915 (b) (1) (A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**III.  Complaint**

Plaintiff names the following Defendants: (1) M.C.S.O. Correctional Health Services; (2) M.C.S.O. Towers; (3) L.B.J. Facilities; (4) City of Glendale Police Department; and (5) Glendale Police Officer #10704.

The Complaint contains three Counts: (1) Plaintiff was not provided his medication or an equivalent for a painful bone disease because Correctional Health Services will not provide medication that contains certain drugs; (2) there is overcrowding at the Maricopa County Jail that resulted in Plaintiff sleeping on the floor and that created a threat to safety; and (3) Plaintiff's home was illegally searched after an arrest and the police officer destroyed Plaintiff's property.

For relief, Plaintiff requests monetary damages and investigation by the Court.

Count I states a claim against Defendant M.C.S.O. Correctional Health Services for denial of medical care, and Count III states a claim against Police Officer #10704 for an illegal search and destruction of property. The Court will require Defendant M.C.S.O. Correctional Health Services to answer Count I and Defendant Police Officer #10704 to answer Count III.

**IV.  Dismissed Defendants**

**A.  M.C.S.O Towers and L.B.J. Facilities**

The M.C.S.O Towers and L.B.J. Facilities are not proper Defendants to this action. Claims under §1983 are directed at "bodies politic and corporate." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. Id. at 689-690. Because jail facilities are neither a corporation nor a body politic, they are not persons for purposes of §1983, and accordingly, Defendants M.C.S.O Towers and L.B.J. Facilities will be dismissed.

**B.  City of Glendale Police Department**

A municipality may only be held liable under § 1983 where its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694. A municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff does not allege that the Glendale Police Department has a policy or custom of conducting illegal searches. In his description of the parties (Complaint at 2), Plaintiff alleges that the City of Glendale Police Department failed to train the police officer. Even if a training program is inadequate, it may be said to constitute a city policy "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989) citing City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). In Count III, Plaintiff alleges no facts regarding the alleged failure to train and no facts constituting deliberate indifference on the part of

Defendant Glendale Police Department. The Court will therefore dismiss Defendant Glendale Police Department.

## V. Failure to State a Claim

### Count II

Plaintiff alleges that overcrowding at the Jail required Plaintiff to sleep on the floor and created a threat to safety and that the Towers and L.B.J. Commanders are "clearly aware" of conditions. To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Here, the Complaint does not connect the injury to the conduct of a Defendant. The Commanders of the facilities are not named as Defendants and the facilities themselves are not proper Defendants. The Court will dismiss Count II.

## VI. Motions

First, the Court notes that Plaintiff has filed several cases with this Court – CV 05-2764-PHX-MHM (DKD); CV 05-2765-PHX-MHM (DKD); and CV 06-318-PHX-MHM (DKD). All three case numbers appear on the Motions discussed below. This not only makes it difficult to match the matters raised in the Motions to the relevant case, but because these actions have not been consolidated, these Motions do not conform to the requirements of Rule 7(b) (2) of the Federal Rules of Civil Procedure or Rule 7.1 of the Local Rules of Civil Procedure. In the future, Plaintiff may not file motions that contain multiple case numbers. If Plaintiff wants to file identical motions in more than one case, he must file each motion separately and number it separately. The Court will strike any further motions that contain more than one case number.

### A. Motions to Extend Time to Conduct Discovery and to Answer Orders

On May 9 and May 30, 2006, Plaintiff filed Motions to Extend Time to Conduct Discovery and to Answer Orders. (Doc. # 5 and # 9.) The Complaint has not yet been served, so the time for discovery has not yet begun. The Motions to Extend Time for Discovery are

TERMPSREF

- 4 -

denied as premature. The Motions to Answer Orders indicate that they are to answer "orders in docket # 8, 12, 13, and 14." Document # 8 of the instant case is a Response from Plaintiff. Document # 12 is Plaintiff's Memorandum of Law in Support of Motion for Appointment of Counsel. Document # 13 is the Affidavit in Support of the Motion for Appointment of Counsel. These are all Plaintiff's documents; they are not orders. At present, there is no Document #14 in this case. It appears that the reference to "orders in docket # 8, 12, 13, and 14" is to another case filed by Plaintiff. The Motions to Extend Time to Respond are denied as moot.

**B. Motion for Appointment of Counsel**

On June 23, 2006, Plaintiff filed a Motion for Appointment of Counsel. (Doc. # 11.) Appointment of counsel under 28 U.S.C. §1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (the trial court did not abuse its discretion in refusing to appoint counsel where the inmate demonstrated sufficient writing ability and legal knowledge to articulate his claim, the facts and issues alleged were not of substantial complexity, and the inmate was unlikely to succeed on the merits). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied.

**VII. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* ( Doc. # 7) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $2.06.

(3) Count II and Defendants M.C.S.O. Towers, L.B.J. Facilities, and City of Glendale Police Department are **dismissed** without prejudice.

(4) Defendant M.C.S.O. Correctional Health Services must answer Count I and Defendant Glendale Police Officer #10704 must answer Count III.

(5) Plaintiff's Motions to Extend Time to Conduct Discovery and to Answer Orders (Doc. # 5 and # 9) and his Motion for Appointment of Counsel (Doc. # 11) are **denied**.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants M.C.S.O. Correctional Health Services and Glendale Police Officer #10704.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendants within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(9)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants MCSO Correctional Health Services and Glendale Police Officer #10704 of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure and to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

 (a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure;

 (b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.

The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) This matter is referred to Magistrate David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 7th day of August, 2006.

_____
Mary H. Murguia
United States District Judge