**WO**                                                                                           JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro O. Camarena, | No. CV 06-0318-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Correctional Health Services, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Notice of Improper Service by Defendants, which the Court construed as a motion for injunctive relief (Doc. #32), and Plaintiff's Motion of an Application for Preliminary Injunction (Doc. #50). Defendants Officer MacDonald and Maricopa County Correctional Health Services (CHS) were ordered to respond to the first motion and have done so separately (Doc. ##40, 45, 46). Because the second motion seeks similar relief, Defendants will not be required to respond again. The Court will deny Plaintiff's requests for relief.

**I. Background**

Plaintiff, a former county jail inmate, brought this civil rights action against CHS and Glendale Police Officer #10704[1] (Doc. #1). Plaintiff alleged that he was denied medication

---

[1] Upon screening, the Court dismissed the Towers Jail and Lower Buckeye Jail facilities, and the City of Glendale Police Department as Defendants (See Order, Doc. #15).

to treat a painful bone disease and that Officer #10704, who has been identified as Robert MacDonald, illegally searched his home and destroyed property after arrest[2] (Id.; See Doc. #26).

In his first motion, Plaintiff requested that "this Court [ ] inform or order the ADOC [Arizona Department of Corrections] mail officer to issue the required writing implementation to indigent inmates" because Plaintiff has been without envelopes or legal supplies for weeks (Doc. #32). He further asserted that he is only able to access the legal library for two hours a week and therefore requests that he be provided with a "legal supply package," including a copy of the Federal Rules of Civil Procedure (Id.).

MacDonald responded and contended that he is not obligated to identify mail sent to Plaintiff as "legal mail" because legal mail is only correspondence between an inmate and his own attorney (Doc. #45 at 2). This contention was in response to a prior motion Plaintiff filed regarding receipt of mail from Defendants' counsel that was not labeled "legal mail" and, as a result, was opened by prison personnel before delivery to Plaintiff (Doc. #31). The Court has already ruled on the "legal mail" label issue and will not reconsider its ruling at this time (See Order, Doc. #40). As to Plaintiff's request for legal writing materials and a copy of the rules of procedure, MacDonald argued that Plaintiff's request should be denied because Plaintiff failed to demonstrate that he will suffer any irreparable harm (Doc. #45 at 5). He further argued that he has no legal obligation to provide Plaintiff with legal materials, including the rules of procedure (Id. at 6).

The Maricopa County CHS response memorandum asserted that, as a subdivision of the county, it is not connected to the ADOC in any manner; thus, it does not have any control over Plaintiff's access to legal materials (Doc. #46). CHS also argued that Plaintiff's motion is moot because the ADOC is not a party to this suit.

---

[2]Plaintiff also alleged that the jails were overcrowded (Count II), but the Court dismissed the count for failure to state a claim against a named Defendant (See Order, Doc. #15).

1  Plaintiff then filed a second motion seeking injunctive relief (Doc. #50). Plaintiff
2  acknowledged that the ADOC did not appear in the caption as a named defendant but argued
3  that under Rule 71 of the Federal Rules of Civil Procedure, the ADOC mail officer and
4  deputy warden may be included in this action (Id. ¶¶ 4-5). Plaintiff claimed that the Court
5  has already found that ADOC officials unnecessarily delayed and interfered with the process
6  of legal mail (Id. 6). He also argued that because the ADOC is a named defendant in another
7  lawsuit, a preliminary injunction in the present action "shall be induced to all impending civil
8  action claims" because of the effect the ADOC has on access to the court through its
9  handling of the mail (Id. 8). Plaintiff submitted a memorandum in support of his motion and
10 argued that the lack of legal materials and access to the library rendered him unable to file
11 an adequate preliminary injunction motion (Doc. #51). Attached to the memorandum were
12 copies of an envelope and numerous inmate letters regarding writing materials, legal
13 supplies, and legal mail (Id., Attach.).

14 **II. Preliminary Injunction**

15 A preliminary injunction is an extraordinary and drastic remedy. See Mazurek v.
16 Armstrong, 520 U.S. 968, 972 (1997) (per curiam); Pratt v. Rowland, 65 F.3d 802, 805 (9th
17 Cir. 1995). A court must deny a request for a preliminary injunction "unless the facts and
18 law clearly favor the moving party." Stanley v. University of S. Cal., 13 F.3d 1313, 1320
19 (9th Cir. 1994). The movant bears the burden of persuasion, Mattel, Inc. v. Greiner &
20 Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003), and he must demonstrate a "real or
21 immediate threat" of injury. Hodgers-Durgin v. De La Vina 199 F.3d 1037, 1042 (9th Cir.
22 1999) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983)).

23 Under Rule 65(d) of the Federal Rules of Civil Procedure, a court may issue an
24 injunction against a non-party only where the non-party acts in active concert or participation
25 with an enjoined party. And the district court has the power to enforce an order against a
26 non-party "as if [he were] a party," if the injunction is addressed to the non-party and he is
27 given notice of the injunction. See Fed. R. Civ. P. 71; Peterson v. Highland Music, Inc., 140
28 F.3d 1313, 1323 (9th Cir. 1998) (a non-party may be held in contempt if he is given notice

of the court's order and either abets the defendant in violating the order or is legally identified with him).

In his motions for injunctive relief, Plaintiff did not demonstrate or even allege a threat of irreparable injury. He merely noted that the lack of envelopes for three weeks forced him to prepare the pending notice (Doc. #32). In the second application for injunctive relief, Plaintiff's claims only suggested that the ADOC's mail procedures and system of providing legal supplies results in delays (Doc. #50 ¶¶ 11-12, 17, 20). Without more, Plaintiff fails to carry his burden to show that there is the possibility of injury warranting injunctive relief.

More importantly, Plaintiff is seeking an injunction against the ADOC, who is not a party to this case. Plaintiff has not shown that the ADOC has a legal relationship to an enjoined party in this action. As CHS noted, it is a unit of the county whereas the ADOC is a subdivision of the state (Doc. #46 at 2). Similarly, the ADOC is not an intermediary of MacDonald, who is a city police officer. Nothing in either of Plaintiff's motions demonstrate that the ADOC is in active concert with CHS or MacDonald.

Finally, even though Plaintiff addressed the fact that the ADOC was not a party to this action in his second motion, there is no evidence that he attempted to provide the ADOC with notice of his application compelling injunctive relief (See Doc. #50). Plaintiff's requests for injunctive relief will be denied.

**IT IS ORDERED:**

(1) The reference to the magistrate judge is withdrawn as to Plaintiff's motion for injunctive relief (Doc. #32), and Plaintiff's motion is **denied.**

(2) The reference to the magistrate judge is withdrawn as to Plaintiff's application for injunctive relief (Doc. #50), and Plaintiff's application is **denied**.

DATED this 23rd day of March, 2007.

_____
Mary H. Murguia
United States District Judge