**WO**                                                                                       JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro O. Camarena, | No. CV 06-318-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Correctional Health Services, et al., | |
| Defendants. | |

Plaintiff Pedro O. Camarena brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Correctional Health Services (CHS) and Robert MacDonald, a Glendale Police Officer (Doc. #1).[1] In his Complaint, Plaintiff alleged that he was denied medication to treat a painful bone disease (Count I) and that MacDonald illegally searched his home and destroyed property after Plaintiff's arrest (Count III)[2] (id.). On March 26, 2007, the Court granted CHS' Motion to Dismiss, thereby dismissing CHS and Count I from this action (Doc. #64). The Court then granted MacDonald's Motion to Dismiss the remaining claim, and the action was terminated (Doc. #87).

---

[1] Upon screening, the Court dismissed the Towers Jail and Lower Buckeye Jail facilities and the City of Glendale Police Department as Defendants (Doc. #15).

[2] Plaintiff also alleged that the jails were overcrowded (Count II), but the Court dismissed that count for failure to state a claim against a named Defendant (Doc. #15).

Before the Court is Plaintiff's Motion for Reconsideration of the Order dismissing CHS and Count I (Doc. #90).  The Court will deny Plaintiff's motion.

**I.     Background**

CHS's Motion to Dismiss, which was supported by the affidavit of a Sergeant from the Inmate Hearing Unit, argued that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #36 at 2). CHS also contended that as a subdivision of the county, it is a not an entity capable of being sued (id. at 3).

Plaintiff responded that because the caption of his Complaint was corrected to reflect the proper name of CHS, the argument that it cannot be sued is moot (Doc. #39 ¶¶ 5-7). In his Complaint, Plaintiff named "M.C.S.O. [Maricopa County Sheriff's Office] Correctional Health Services" as the defendant (Doc. #1).  When he first attempted service, Plaintiff identified CHS as simply "Correctional Health Services 'et al'" and included instructions to serve "M.C.S.O." CHS, rather than *Maricopa County* CHS (Doc. #21).  Because the name was incorrect, CHS refused service of summons (id.). The Court then directed the Clerk of Court to provide Plaintiff another packet for service for "Maricopa County Correctional Health Services*"* and specified that service was to be effected upon the Chief Executive Officer, the secretary, or the clerk or recording officer of Maricopa County (Doc. #29). Plaintiff completed the service packet, and service was effected on CHS (Doc. ##34, 35).

As to exhaustion, Plaintiff maintained that he filed numerous grievances but that detention officers either delayed medical grievances, informed inmates that there were no forms, or threw away grievances so that they could not proceed to exhaustion (Doc. #39 ¶¶ 12, 18, 26; Doc. #56 ¶¶ 15, 17).  Plaintiff also argued that the grievance procedures were purposefully delayed so that he could not exhaust before transfer to another facility (Doc. #52 ¶ 8).[3]

---

[3]Because Plaintiff filed his first response prior to receiving the requisite notice under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), he was allowed to submit a supplemental response (Doc. #52).  He then submitted a "Motion of Judicial Notice" (Doc. #55), which the Court construed as another supplemental response, and he filed an affidavit

- 2 -

1 In granting the Motion to Dismiss, the Court found that CHS had demonstrated the availability of a grievance system for Plaintiff's claim in Count I (Doc. #64 at 4). In addition, Plaintiff's contentions regarding exhaustion of Count I were varied and inconsistent, and his claims concerning delays caused by jail staff were too general to overcome Defendants' evidence (id. at 5). There was no evidence that Plaintiff submitted any grievances prior to initiating his lawsuit, and the record reflected that Plaintiff filed the Complaint before he was transferred out of the jail. The Court further determined that because CHS is not a municipal corporation, a local governing body, or a private corporation, it is not a "person" amenable to suit under § 1983 (id. at 6).

In his Motion for Reconsideration, Plaintiff argues that he corrected the name of CHS and the second attempt at service was successful; thus, the initial reference to "M.C.S.O." should not be grounds for dismissal of the defendant (Doc. #90 at 1-3). He suggests that dismissal constitutes an erroneous judgment and possibly manifest constitutional error because the mistake in the defendant's name was corrected (id. at 4). Plaintiff also argued the merits of his claim and asserted that CHS was deliberately indifferent when they denied Plaintiff pain medication and necessary surgery (id. at 5-7). He states that he was injured as a result of an excessive force incident yet he failed to receive proper services from CHS (id. at 7-8). Finally, he claims that he exhausted the remedies that were available prior to his transfer (id. at 10). To support his motion, Plaintiff attached a copy of his "Motion of Judicial Notice" describing the discrepancy in the name of the defendant and his correction of the error (id., Attach.).

The Court did not order a response to the motion. See LRCiv 7.2(g) (no response to a motion for reconsideration shall be filed unless ordered).

**II.   Motion for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with

---

(Doc. #56) and a declaration (Doc. #57). All of these filings were considered by the Court (Doc. #64 at 2-5).

1  a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels
2  Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the
3  court to rethink what it has already thought through. United States v. Rezzonico, 32 F.
4  Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court
5  "(1) is presented with newly discovered evidence, (2) committed clear error or the initial
6  decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
7  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
8  "No motion for reconsideration shall repeat in any manner any oral or written argument made
9  in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rogers
10 Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

11     Under the Local Rules of Civil Procedure, a motion for reconsideration must be filed
12 within ten days after the date of the Order that is the subject of the motion, unless the movant
13 shows good cause for the delay. LRCiv 7.2(g)(2).

14 **III.    Analysis**

15     The Order dismissing CHS and Count I was filed March 26, 2007 (Doc. #64).
16 Plaintiff's Motion for Reconsideration comes almost eight months after the date of that Order
17 (Doc. #90, filed Nov. 21, 2007). Plaintiff fails to present any good cause for the extensive
18 delay in challenging the Court's prior Order. On this basis alone, Plaintiff's motion warrants
19 denial.

20     Plaintiff also makes no showing that reconsideration is appropriate. He misconstrues
21 the basis for dismissal of CHS as a non-jural entity. Contrary to Plaintiff's claims, the Court
22 recognized the corrected name and service of process of Maricopa County CHS. The initial
23 error in identifying CHS as part of the sheriff's office had no bearing on the decision to
24 dismiss CHS as a defendant. Regardless, Plaintiff presented this same argument in his
25 opposition to CHS' Motion to Dismiss.

26     In sum, Plaintiff fails to present any new evidence, and he fails to cite to any new case
27 law that would support reconsideration. Nor does Plaintiff demonstrate that the Court's
28 ruling was manifestly unjust. As such, reconsideration is not warranted and Plaintiff's

1  motion will be denied.

2  **Accordingly,**

3  **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #90)
4  is DENIED.

5  DATED this 5th day of February, 2008.

Mary H. Murguia
United States District Judge